356 P.2d 166

STATE of Utah, Plaintiff and Respondent,

v.

Irene HEDGEBETH and Henry Allen, Defendants and Appellants.

No. 9299.

Supreme Court of Utah.

Oct. 28, 1960.

David E. Bean, Kaysville, for appellants.

Walter L. Budge, Atty. Gen., Clarence J. Frost, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a robbery conviction. Affirmed.

The complaining witness, one Israelson, being possessed of a bottle of wine, met

defendants in an Ogden bar in the late afternoon of January 8, 1960. He had known defendant, Irene, before, and after visiting several other bars, they agreed to go to a room, the purpose for which is not made clear. With the bottle of wine, he and Irene went to the room and were joined by defendant, Allen.

According to Israelson, Irene threatened him with a beer bottle unless he gave her some money, and under that threat, she removed some from his pocket, together with a cigarette lighter. In attempting to leave, he was thrown on a couch by Allen, who took his wallet, containing about $65, thereafter ejecting him from the room. Israelson made an "X" on the door panel and immediately went to the closest phone and called the police.

A woman returning with her husband to their apartment across the hall testified she heard defendant Irene say something to the effect she would kill Israelson, who responded with a statement he was going to call the police. Israelson ran to a phone, the defendants left the room, the police arrived within minutes, found the real tenant of the room had arrived there after a phone call from the couple across the hall, found the wine bottle and a beer bottle. Next day Israelson's wallet was found in the yard of a witness who lived next door to defendant Irene.

Defendants were arrested and Allen was searched and relieved of $39.83 and a light-

er answering the description of that owned and identified by Israelson, all of which, together with the bottles, was introduced in evidence. The defendants introduced no evidence to refute the facts therein related and testified to regarding different aspects thereof by seven different witnesses.

Defendants urge that it was 1) error to admit the exhibits, 2) that testimony of some of the State's witnesses was not worthy of credibility and 3) that the police officers were biased to such an extent that they prejudiced defendants with the jury.

As to 1): there appears to be nothing in the record to indicate that the physical evidence was not properly identified, and the fact that there was no testimony as to fingerprints, a circumstance strongly urged by counsel as pointing to inadmissibility, did not make the exhibits inadmissible. There appears to have been no attempt to identify the money as that belonging to Israelson, and any inference that it might have belonged to him could not have been prejudicial since it bore no resemblance in amount alleged to have been stolen nor as to any peculiar similarity in type or physical condition of the denominations involved.

As to 2) and 3), there were what appears to have been minor discrepancies in the testimony. One such was that given by the witness who found the wallet when

going shopping on a Saturday, the 9th, whereas she testified it was the 8th after a question mentioning that date was put to her by the prosecutor. There is nothing substantial in the testimony of this woman, the officers, or the couple across the hall that appears at all incredible or that at all reflects any bias.

The defendants were represented consecutively by a number of attorneys before counsel who presented this appeal was appointed by the court to represent them. We wish to commend counsel on appeal for his most able presentation and his exhaustive effort in assisting defendants on appeal, with no hope of reward.

CROCKETT, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.